UNITED STATES of America, Plaintiff,

v.

ALL ASSETS HELD AT BANK JULIUS BAER & COMPANY, LTD., Guernsey Branch, Account Number 121128, in the name of Pavlo Lazarenko last valued at approximately $2 million in United States dollars, et al., Defendants in rem.

Civil Action No. 04–0798 PLF/DAR.

United States District Court, District of Columbia.

Sept. 20, 2011.

Daniel Hocker Claman, Teresa Carol Turner–Jones, U.S. Department of Justice, Washington, DC, for Plaintiff.

Bryant Everett Gardner, Winston & Strawn LLP, Washington, DC, Doron Weinberg, Weinberg & Wilder, San Francisco, CA, for Defendants in rem.

*MEMORANDUM OPINION AND ORDER*

DEBORAH ANN ROBINSON, United States Magistrate Judge.

This action was referred to the undersigned United States Magistrate Judge for management and resolution of all discovery-related issues, including the pending Motion of Claimant Liquidators of European Federal Credit Bank (in Liquidation) to Compel the United States to Provide Further Interrogatory Responses ("Claimant's Motion") (Document No. 223). Referral to Magistrate Judge (Document No. 233).[1] Upon a thorough review of the Claimant's motion, Plaintiff's opposition thereto (Document No. 224), Claimant's reply (Document No. 225), the

1. At a status hearing on June 6, 2011, Claimant acknowledged that the pending motion is a duplicate of Motion of Claimant Liquidators of European Federal Credit Bank (in Liquidation) to Compel the United States to Provide Further Interrogatory Responses (Document No. 219) and withdrew it. However, the citations herein to the exhibits Claimant filed in support of the pending motion will be to Document No. 218,

arguments of counsel at the hearing on the motion, and the entire record herein, Claimant's motion will be granted in part.

**BACKGROUND**

The discussion of the background will be limited to the facts which pertain to the pending motion. The court (Friedman, J.), in one of its most recent opinions, included the summary of the relevant background which the undersigned incorporates herein by reference:

The United States initiated this litigation in order to seek the forfeiture of more than $250 million scattered throughout bank accounts located in Guernsey, Antigua & Barbuda, Switzerland, Lithuania, and Liechtenstein. Am. Compl. ¶ 1. The money in those accounts is allegedly "traceable to a series of" acts of "criminal fraud, extortion, bribery, misappropriation, and money laundering" carried out by, among others, Pavlo Ivanovich Lazarenko, a Ukranian politician who, with the aid of various associates, was "able to acquire hundreds of million of United States dollars through a variety of acts of fraud, extortion, bribery, misappropriation and/or embezzlement" committed during the 1990s. *Id.* ¶ 10. According to the United States, those illegal acts, and subsequent attempts to launder the resulting criminal proceeds, involved the transfer of large sums of U.S. dollars into and out of United States financial institutions. *Id.* ¶¶ 11–13. Plaintiff, the United States, claims ownership of those sums of money pursuant to federal statutes that provide for the forfeiture to the United States government of funds traceable or otherwise related to criminal activity that occurred at least in part in the United States. *See id.* ¶ 1.

*United States v. All Assets Held at Bank Julius Baer & Co., Ltd.,* 772 F.Supp.2d 191, 194 (D.D.C.2011).[2]

since Claimant filed the exhibits only once. *See* 06/06/2011 Minute Order.

2. *See also United States v. All Assets Held at Bank Julius Baer & Co., Ltd.,* 772 F.Supp.2d 205 (D.D.C.2011); *United States v. All Assets Held at Bank Julius Baer & Co., Ltd.,* 664 F.Supp.2d 97 (D.D.C.2009); *United States v. All Assets Held at*

At the outset of this action, "[t]welve individuals and entities ... filed claims and assert[ed] different reasons why some or all of the assets should not be forfeited and should be released to them." Joint Report of Meet and Confer (Document No. 84) at 2. One such entity is the moving party, Claimant Liquidators of European Federal Credit Bank (hereinafter "Claimant" or "Liquidators"), who asserts on behalf of European Federal Credit Bank Limited that "[i]t is the legal owner of the accounts and/or funds [specified in paragraphs (a) through (f) of its Rule C(6)(A) statement]." *See* EuroFed Bank Limited's Rule C(6)(A) Verified Statement (Document No. 33).

With respect to discovery, "the parties agree[d] to a phased approach." Joint Report of Meet and Confer at 4. "During the first phase of discovery, the parties will seek to determine whether early adjudication of threshold issues such as standing are possible." *Id.* On October 30, 2008, the court entered an order which provided, in pertinent part, that "[d]iscovery is now and shall hereby be STAYED until the later of February 9, 2009, or the adjudication of any dispositive motion filed in accordance with [this order]." Scheduling Order (Document No. 97) at 1.

In 2010, the court lifted the stay. *See* Transcript of Excerpt of June 30, 2011 Hearing on Document Number 223 Before the Honorable Deborah A. Robinson United States Magistrate Judge (Document No. 249) at 11, lines 2 through 5. On February 26, 2010, Claimant served Plaintiff with 12 interrogatories. Declaration of Matthew J. Jacobs in Support of Motion of the Liquidators of European Federal Credit Bank, In Liquidation, to Compel United States to Provide Further Interrogatory Responses ("Jacobs Declaration") (Document No. 218) at 1; *see* The Liquidators' First Set of Special Interrogatories to Plaintiff ("Claimant's Interrogatories") (Document No. 218-1). Plaintiff responded to Claimant's interrogatories on April 23, 2010; Claimant noted that said responses were "merely boilerplate objections." Memorandum of Law of Claimant[ ] Liquidators of European Federal Credit Bank (In Liquidation) In Support of Motion

to Compel the United States to Provide Further Interrogatory Responses ("Claimant's Memorandum") (Document No. 222) at 6; *see* United States' Response to the Liquidators' First Set of Special Interrogatories to Plaintiff ("Plaintiff's Response") (Document No. 218-4). Claimant met and conferred with Plaintiff's counsel about the inadequacy of the responses, and Plaintiff's counsel agreement to file supplemental responses. United States' First Supplemental Response to the Liquidators' First Set of Special Interrogatories to Plaintiff ("Plaintiff's First Supplemental Response") (Document No. 218-7). The parties met again and conferred about the inadequacy of the supplemental responses, and Plaintiff agreed to provide a second set of supplemental responses. United States' Second Supplemental Response to the Liquidators' First Set of Special Interrogatories to Plaintiff ("Plaintiff's Second Supplemental Response") (Document No. 218-9).

Finding some of Plaintiff's responses to be inadequate, Claimant now moves, pursuant to Rule 37 of the Federal Rules of Civil Procedure, to compel Plaintiff to "supplement its responses to seven Special Interrogatories propounded by the Liquidators, namely, Nos. 3–6 and 9–11." Claimant's Motion at 1.

## APPLICABLE STANDARDS

### Scope of Discovery

 It has long been recognized that "[u]nder the broad sweep of Rule 26(b)(1) of the Federal Rules of Civil Procedure, a party 'may obtain discovery regarding any matter, not privileged, which is relevant to the subject matter involved.'" *Friedman v. Bache Halsey Stuart Shields, Inc.*, 738 F.2d 1336, 1348–49 (D.C.Cir.1984). "[D]iscovery of matters not reasonably calculated to lead to the discovery of admissible evidence are not within the scope of discovery." *Pederson v. Preston*, 250 F.R.D. 61, 64 (D.D.C.2008) (internal quotation marks and citation omitted). "The broad presumption of Rule 26 in favor of discovery, however, is bounded by the limitations that 'come into existence when the inquiry touches upon the irrelevant or encroaches upon the recognized domains of privilege.'" *Id.* (quoting *Association for*

*Women in Science v. Califano,* 566 F.2d 339, 343 (D.C.Cir.1977)).

### Interrogatories

Rule 33 of the Federal Rules of Civil Procedure sets forth the procedures for discovery through interrogatories. *Walls v. Paulson,* 250 F.R.D. 48, 50 (D.D.C.2008) (citing Fed.R.Civ.P. 33). Rule 33(b)(3) requires that "[e]ach interrogatory must, to the extent it is not objected to, be answered separately and fully in writing under oath." *Id.* "A party to whom an interrogatory is propounded 'must provide true, explicit, responsive, complete, and candid answers.' " *Walls,* 250 F.R.D. at 50 (quoting *Equal Rights Center v. Post Properties, Inc.,* 246 F.R.D. 29, 32 (D.D.C. 2007)).

"If a party objects to an interrogatory, it must state its grounds for objection 'with specificity.' " *Equal Rights Center,* 246 F.R.D. at 35 (quoting Fed.R.Civ.P. 33(b)(4)). Rule 26(b)(5) of the Federal Rules of Civil Procedure provides that:

> When a party withholds information otherwise discoverable by claiming that the information is privileged or subject to protection as trial-preparation material, the party must: (i) expressly make the claim; and (ii) describe the nature of the documents, communications, or tangible things not produced or disclosed—and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim.

Fed.R.Civ.P. 26(b)(5)(A).

### Motion to Compel

■ Rule 37 of the Federal Rules of Civil Procedure provides that "[o]n notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery." *Pederson,* 250 F.R.D. at 64 (quoting Fed.R.Civ.P. 37(a)(1)). "If a party fails to answer an interrogatory in response to a Rule 33 discovery request, the Court may compel a response." *Guantanamera Cigar Co. v. Corporacion Habanos, S.A.,* 263 F.R.D. 1, 7 (D.D.C.2009) (citing Fed.R.Civ.P. 37(a)(3)(B)(iii)). "[A]n evasive or incomplete ... response must be treated as a failure to ... respond." *Id.* (quoting Fed.R.Civ.P.

37(a)(4)). "The party moving to compel discovery has the burden of proving that the opposing party's answers were incomplete." *Equal Rights Center,* 246 F.R.D. at 32 (citations omitted).

■ "[I]nterrogatory responses that direct [the requesting party] to [the opposing party's] document production generally or to information available elsewhere are not an adequate alternative to answering interrogatories." *Harris v. Koenig,* 271 F.R.D. 356, 366 (D.D.C.2010); *see also Susko v. Weirton,* Civil Action No. 5:09–CV–1, 2010 WL 1881933, at *2 (N.D.W.Va.2010) ("The fact that the information sought is already known to the interrogator is not a valid ground for objection to the interrogatories. Interrogatories are not limited to facts which are exclusively or peculiarly within the knowledge of the interrogated party. The fact that the information sought is equally available to the interrogator, or is a matter of public record, does not render the interrogatories objectionable.") (internal quotations and citations omitted).

■ "The attorney work-product privilege generally protects memoranda and other documents prepared by an attorney in contemplation of litigation." *In re Apollo Group, Inc. Securities Litigation,* 251 F.R.D. 12, 18 (D.D.C.2008) (citations omitted). "The attorney work-product privilege, unlike the attorney-client privilege, is not intended to protect the confidential relationship between attorney and client, but rather is intended to protect the adversarial trial process." *Id.* (citation omitted).

### DISCUSSION

Claimant divides the seven interrogatories as to which it seeks an order compelling Plaintiff to supplement its answers into three categories. The undersigned will discuss each category in turn.

### Interrogatories regarding the source of the funds which Plaintiff seeks to forfeit (Interrogatories 9, 10 and 11)

Claimant submits that Interrogatories 9, 10 and 11 "require Plaintiff to provide basic information regarding the accounts it seeks to forfeit[,]" and that "[t]he Government has

repeatedly dodged its obligation to answer these key interrogatories, which are directed at uncovering the fundamental bases for forfeiture of the defendant Eurofed bank accounts." Claimant's Memorandum at 8–9. Claimant acknowledges that Plaintiff has supplemented its responses to the three interrogatories, but maintains that "the Government still refuses to provide any information regarding the specific criminal conduct to which each Eurofed account can allegedly be traced." *Id.* at 9. Claimant submits that neither Plaintiff's references to "the criminal trial record," nor the objections on grounds including vagueness and overbreadth, nor the assertion that Claimant "already [has] the information in [its] possession[,]" serve to excuse Plaintiff from providing complete answers to the interrogatories.

Plaintiff, in its opposition, submits that it "has adequately and sufficiently answered[.]" United States' Opposition to Liquidators' Motion to Compel the United States to Provide Further Interrogatory Responses ("Plaintiff's Opposition") at 16; *see also id.* at 16–21. Plaintiff characterizes its objections as "[w]ell [f]ounded[.]" *Id.* at 21–23. With respect to its objection on the ground that Claimant seeks information already in its custody and control, Plaintiff submits that "[t]his Court has restricted discovery of information that is equally accessible tot he requesting party, and should do so in this case." *Id.* at 22 (citations omitted).

Claimant, in its reply, maintains that Plaintiff concedes that it has not served complete answers to the interrogatories. *See, e.g.,* Reply Memorandum of Law of Liquidators of European Federal Credit Bank (*In Liquidation* ) in Support of Motion to Compel the United States to Provide Further Interrogatory Responses ("Claimant's Reply") (Document No. 225) at 7 ("[A]s a matter of law, the Government is simply wrong when it asserts it has complied with Federal Rule of Civil Procedure 33(d) by telling Liquidators their answers [to the interrogatories they served on the United States] are somewhere in the 35,000 page criminal trial record.").

■ The undersigned finds, largely for the reasons offered by Claimant, that Plaintiff has failed to fully answer Interrogatories 9,

10 and 11. More specifically, the undersigned finds that Plaintiff, in its answers, makes vague and imprecise references to, for example, "an extensive web of transactions to launder and commingle the proceeds" in response to a request to identify specific criminal conduct. *Cf. Convertino v. U.S. Department of Justice,* 565 F.Supp.2d 10, 13 (D.D.C. 2008) ("[T]he grounds for objecting to an interrogatory must be stated with specificity."). Additionally, the undersigned finds that references to a voluminous trial record is insufficient, in this context, to comply with Rule 33. Indeed, "[u]nder the guise of Fed. R.Civ.P. 33(d) defendants *may not simply refer generically to past or future production of documents.* They *must identify in their answers to the interrogatories specifically* which documents contain the answer." *DL v. District of Columbia,* 251 F.R.D. 38, 48 (D.D.C.2008) (citation omitted) (emphasis added); *see* Fed.R.Civ.P. 33(d) (responding party has the option to answer by "[s]pecifying the records that must be reviewed, in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could[.]").

With respect to Plaintiff's objections, the undersigned finds that all of them are without merit. The one which Plaintiff places the greatest degree of reliance—*i.e.,* that Claimant has, or readily can obtain the answers—has been rejected as a basis upon which a party may refuse to fully answer interrogatories. *See, e.g., Susko,* 2010 WL 1881933, at *2 (N.D.W.Va.2010) ("The fact that the information sought is already known to the interrogator is not a valid ground for objection to the interrogatories.") (internal quotations and citation omitted).

***Interrogatories regarding the defendant accounts at issue (Interrogatories 3, 4 and 5)***

Claimant maintains that Plaintiff failed "to provide information obtained from foreign governments regarding the defendant accounts." Claimant's Memorandum at 11. Claimant further maintains that it "[has] a right to answers about the defendant accounts in this case, rather than evasive references to a several month trial record, which by the Government's own admission does not

contain all documents and information it obtained from foreign authorities regarding the defendant accounts." *Id.* at 12

In its opposition, Plaintiff claims that it "responded *substantially* to Interrogatory Nos. 3, 4, and 5." Plaintiff's Opposition at 6 (emphasis supplied). Plaintiff submits that "Interrogatories 3 through 5 are far broader in scope [than Claimant suggests] and improperly seek privileged and other objectionable information to which the Liquidators are not entitled." *Id.* With respect to privileged information, Plaintiff objects "on the basis that the broad requests (for information sought) improperly seek the elicit information protected as work product." *Id.* at 12–13; *but see id.* at 13, n. 5 (Plaintiff acknowledges that Claimant has "marginally narrowed" its request by advising that it does not seek "the internal thoughts and impressions of government lawyers[,]" or any "grand jury information.").

Claimant, in its reply, argues that Plaintiff concedes that it has not produced all responsive information in its custody or control that it received from foreign governments regarding the defendant EuroFed accounts. Claimant's Reply at 9. Claimant also notes that Plaintiff has failed to provided any authority for the proposition that the information sought is protected by the work product privilege. *Id.* at 11.

■ The undersigned finds that Plaintiff has not fully responded to these interrogatories, and has not demonstrated the applicability of the work product privilege. Plaintiff, in responding to the interrogatories on three separate occasions, provides the same conclusory objections. For instance, "[t]he information sought by the Liquidators is not relevant to any claim or defense the Liquidators may raise in the instant *in rem* forfeiture action and is not within the scope of permissible discovery under Fed.R.Civ.P. 26(b)(1)." Plaintiff's Second Supplemental Response at 20.

With respect to the work product privilege, this Circuit has found that the "testing question for the work-product privilege is whether, in light of the nature of the document and the factual situation in the particular case, the document can fairly be said to have been prepared or obtained because of the prospect of litigation." *In re Apollo Group,* 251 F.R.D. at 19 (internal quotation marks and citation omitted). Here, Plaintiff has failed to show how the requested information is shielded from discovery based on the work product privilege, and instead, simply offers a conclusion regarding the scope of Claimant's request. *See* Plaintiff's Second Supplemental Response at 25 ("[t]his Special Interrogatory is also harassing and irrelevant to the extent that it seeks the mental impression and methods of counsel and law enforcement personnel acting in anticipation of litigation or seeks information concerning confidential communications among governments"). This conclusion is devoid of context, and falls far short of the requisite showing.

### Interrogatory regarding the accounts or assets related to the criminal case (Interrogatory 6)

Claimant, through Interrogatory 6, requests that Plaintiff state whether the accounts or assets identified in the Complaint were included in paragraph 44 of the Superseding Indictment against Mr. Lazarenko, and if not, why not. Claimant's Memorandum at 15. Claimant avers that Plaintiff's second supplemental response, namely, that the disputed funds are not listed in paragraph 44 of the Superseding Indictment, is not adequate, since Interrogatory 6 is "narrowly tailored to ferret out the Government's contentions about whether this case is duplicative and redundant of the Lazarenko criminal case in which the Ninth Circuit recently ruled that the Government's forfeiture efforts regarding Eurofed assets were barred under the doctrine of *res judicata.*" Claimant's Memorandum at 16. Claimant states that it "does not seek to learn what occurred before the grand jury but only whether now, in this civil case, the Plaintiff contends that it is seeking assets not already covered by a different case." *Id.*

In its opposition, Plaintiff maintains that it answered the first part of the question posed by Interrogatory 6. Plaintiff's Opposition at 14. Plaintiff further contends that the portion of the interrogatory by which Claimant inquires as to "why" the Second Superseding

402

Indictment against Lazarenko did not list for forfeiture the same funds identified in the First Amended Verified Complaint for Forfeiture *In Rem* is subject to the attorney work product and deliberative process privileges. *Id.* at 15.

Claimant, in its reply, maintains that Plaintiff's response that the defendant EuroFed accounts "were not listed in paragraph 44 of the Second Superseding Indictment[,]" did not address whether the funds were "included." Claimant's Reply at 3. As to the privilege issue, Claimant submits that the interrogatory does not seek Plaintiff's "deliberative process" regarding charging decisions or grand jury proceedings. *Id.* at 4. Rather, Claimant contends that the interrogatory asks Plaintiff to "explain its legal or factual basis for asserting that the Eurofed assets were not subject to forfeiture in the criminal proceeding." *Id.*

■ The undersigned finds that Plaintiff's response to the first part of this interrogatory is evasive. Plaintiff, in responding to this interrogatory, notes that "[t]he specific properties listed in Paragraph 5 of the First Amended Verified Complaint for Forfeiture *In Rem* were not listed in paragraph 44 of the Second Superseding Indictment." Plaintiff's Second Supplemental Response at 26–27. However, this does not answer the question as to whether said items were "included[.]"

■ However, the undersigned finds that Plaintiff cannot answer the second part of the interrogatory without running afoul of the rules of grand jury secrecy embodied in Rule 6(e) of the Federal Rules of Criminal Procedure. For that reason, the undersigned will deny Claimant's motion to compel a complete response to the second part of Interrogatory 6.[3]

## CONCLUSION

For all of the foregoing reasons, it is, this 20th day of September, 2011,

**ORDERED** that the Motion of Claimant Liquidators of European Federal Credit

---

3. The undersigned therefore has no occasion to consider Plaintiff's other objections to Part 2 of

Bank (in Liquidation) to Compel the United States to Provide Further Interrogatory Responses (Document No. 223) is **GRANTED IN PART,** and that no later than October 4, 2011, Plaintiff shall supplement its responses to Interrogatories 3, 4, 5, Part 1 of 6, 9, 10 and 11 in accordance with the standard set forth in *Equal Rights Center;* and it is

**FURTHER ORDERED** that the motion is **DENIED** with respect to Part 2 of Interrogatory 6.